UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KARL HAMPTON,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>EDWARD SCHAFER,<br>United States Department of Agriculture,<br><br>　　　　　　Defendant. | Civil Action No. 07-2221 (ESH) |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Plaintiff opposes Defendant's Motion to Dismiss certain claims.[1] Defendant herein responds to Plaintiff's opposition. Plaintiff does a nice job – make that an excellent job – of confusing the issues in this case. Indeed, the procedural history of this case at the administrative level may well have been a bit dense. But once the thicket is cleared, Plaintiff is left with untimely termination claims and leave without pay and hostile work environment claims that he failed to exhaust.

I.　　Plaintiff's Termination Claims Should Be Dismissed As Untimely

　　A.　　Plaintiff's termination claims should be dismissed because they are untimely

In his Opposition to Defendant's Motion to Dismiss, Plaintiff concedes that the instant action is not an appeal of the Foreign Service Grievance Board's ("FSGB") decision regarding his termination. Opposition at 1. Specifically, Plaintiff states that "Plaintiff is not seeking a judicial review of a decision of the Foreign Service Grievance Board." *Id.* If so, then the termination claims should be dismissed from the instant case not because they are untimely, but because he

---

[1] Defendant moved to dismiss Counts III and IV based on their untimeliness. Defendant further moved to dismiss Counts VII through X based on Plaintiff's failure to exhaust his administrative remedies.

failed to exhaust them at the administrative level; no other administrative body looked at his termination claims except for the FSGB.

The FSGB, and only the FSGB, considered Plaintiff's termination at the administrative level. FSGB Final Decision at 2, 41 (attached to Defendant's Motion to Dismiss as Exhibit A). Plaintiff claims that the Equal Employment Opportunity Commission ("EEOC") considered his termination claims, but this is patently false. In Plaintiff's underlying litigation at the administrative level, there came a time when the EEOC and the FSGB administrative judges realized that Plaintiff had litigation pending simultaneously in front of both administrative bodies. As such, both bodies halted all proceedings in order to determine the boundaries of each of their jurisdictions. As a result, the FSGB ruled that it had jurisdiction over the termination issues (i.e., whether Plaintiff was separated for cause). The EEOC subsequently decided that it had jurisdiction over all claims *except Plaintiff's termination* claims. EEOC Final Decision at 5-6 (attached to Defendant's Motion to Dismiss as Exhibit B) (listing the six claims the EEOC heard and not listing Plaintiff's termination). Once the FSGB decided to hear the termination claims, the jurisdictions of the FSGB and the EEOC became mutually exclusive.

Plaintiff tries to confuse the issue and asserts that the EEOC somehow silently (and passively) maintained jurisdiction over Plaintiff's termination claims. Plaintiff has to – the only way he can show that his termination claims in this case are timely is to squeeze them under the umbrella of the EEOC's final decision. But that is not what in fact happened. The proof is in the pudding: the EEOC's final decision did not touch the termination issue whereas the FSGB's decision dealt solely with Plaintiff's termination. See EEOC Final Decision at 5-6 and FSGB Final Decision at 2, 41. Perhaps ringing the death knell to Plaintiff's argument that the EEOC somehow retained jurisdiction over the termination claims, the administrative judge in Plaintiff's

EEOC case wrote the following:

> "I am not here to re-litigate or adjudicate Complainant's suspension in 2002 for printing pornography on government computers **or his termination. Consistent with my prior Orders, Complainant's termination was litigated before the Foreign Service Grievance Board.**" EEOC Final Decision at 60.

Now that Defendant has established that Plaintiff's termination claims were not decided by the EEOC, but were decided by the FSGB, the analysis of the timeliness of Plaintiff's termination claims in this case moves to whether or not Plaintiff timely filed the claims challenging the FSGB's final decision regarding Plaintiff's termination. He did not. Plaintiff's Complaint was filed more than 180 days after the FSGB gave its final decision in the case.

Plaintiff had a full 180 days – not the more common 90 day period – to file his complaint after the FSGB's final decision was issued. Plaintiff's Complaint was not filed within the 180 day period required by the Foreign Service Act. *See Egan v. Natsios*, 2003 U.S. Dist. LEXIS 27066, *aff'd*, 381 F.3d 1 (D.D.C. 2004) (court calculated the plaintiff's claim as being due precisely 180 days after the final decision by the FSGB was issued). Again, the FSGB's decision was announced on June 6, 2007. Counting 180 days from the next day, June 7, 2007, Plaintiff had until December 3, 2007 to file his claims based on the FSGB decision. But he filed on December 6, 2007. Plaintiff's claims based on his termination are untimely. He did not file his Complaint within this time period. As such, the termination claims (Counts III and IV) should be dismissed as untimely filed.

In his opposition, Plaintiff does not argue that the termination claims in his complaint were timely filed. Instead, he argues that it was really the EEOC who was looking at his termination claims and that even if the FSGB claims were untimely filed, the Court should allow the termination claims to proceed on "equitable grounds." This argument has no merit. First, the

EEOC lacked jurisdiction to hear Plaintiff's termination claims. The EEOC did not look at the termination issue because it could not do so for the jurisdictional reasons cited above. Second, and in support of Plaintiff's argument that his termination claims should not be dismissed on equitable grounds, Plaintiff writes:

> Given the extremely complicated procedural posture of this case given the concurrent proceedings before the FSGB and the EEOC, his reliance on the FSGB's jurisdictional decision stating that it would not hear the discrimination claims because they were pending before EEOC, and the fact that the FSGB decision gave no notice of right to judicial review, the [termination] claims should be allowed to proceed here. Plaintiff's Opposition at 7.

This is a good example of Plaintiff's trying to confuse the issue.[2] The issue of whether or not the "FSGB's decision stating that it would not hear the *discrimination* claims because they were pending before the EEOC" has nothing to do with the FSGB's decision to review Plaintiff's *termination* claims. It is the termination claims that were litigated before the FSGB – and only the FSGB – that were untimely filed.[3] As such, they should be dismissed.

II.  Plaintiff Failed To Exhaust His Administrative Remedies For His Hostile Working Environment and Leave Without Pay Claims

Plaintiff alleges several claims in his Complaint that he failed to exhaust at the administrative level. While the FSGB considered the termination claims, the EEOC considered whether Plaintiff was subjected to discrimination and reprisal only when Plaintiff:

---

[2] There are many. For instance, the entire first full paragraph on page 4 of Plaintiff's Opposition has an air of argument to it. In that paragraph, Plaintiff claims that the FSGB did not litigate the issues of retaliation and discrimination – and writes that as though this is a highly contested issue by Defendant. It is not. Plaintiff is merely repeating exactly what Defendant contends: the FSGB heard Plaintiff's termination claims; not his discrimination or retaliation claims. Defendant never contended otherwise. Much of Plaintiff's Opposition is written as though there are real differences between the parties' interpretations of the facts, when there are not.

[3] *See* FSGB Final Decision at p. 6 (attached as Exhibit A) (wherein the FSGB looked at the issue of "cause for separation for misconduct").

      vi.    was denied a promotion in October 2004;
      vii.   was not allowed to serve as Acting Director, because his supervisor refused to institute rotating acting assignments;
      viii.  was denied a stretch assignment in November 2004;
      ix.    was denied an at-grade assignment in December 2004;
      x.     was denied the opportunity to participate in the Foreign Service Promotion Boards in September 2005; and
      xi.    was denied promotion benefits and an overseas assignment temporary tour of duty in October or November of 2005.

*See* EEOC Final Decision, p. 6 (also notice how the termination issue is not on this exhaustive list of matters considered by the EEOC). In Counts VII and VIII in Plaintiff's Complaint, Plaintiff alleges that he was subjected to a hostile work environment. As Defendant wrote in its Motion to Dismiss, the counts regarding a hostile work environment were not even *alleged* before the EEOC. Accordingly, they were not exhausted and should be dismissed. *See* 42 USC 2000e-16(c); *Maryland v. Sodexho*, 474 F. Supp. 2d 160, 161-162 (D.D.C. 2007) (precluding plaintiff's religious discrimination claim, for failure to raise the claim at the administrative level); *Park v. Howard University*, 71 F.3d 904 (D.D.C. 1995) (plaintiff's hostile work environment claim improper because it was not litigated before the EEOC).

      Plaintiff claims that because he raised the issues of a derogatory racial comment made by one of his managers and of a continuing investigation of him by the agency at the EEOC level, that he effectively raised the issue of a hostile work environment with the EEOC. Plaintiff, however, raised these issues as evidence of discrimination and retaliation at the EEOC level, not as a separate claim of a hostile working environment. The EEOC never considered these allegations in the context of a hostile work environment – and thus never applied the laws of hostile work environment to these claims. As such, Plaintiff failed to exhaust his hostile environment claims and they should be dismissed.[4]

---

[4] Moreover, Plaintiff was represented by counsel for the EEOC proceedings – counsel that could have brought a hostile work environment claim, but failed to do so.

Finally, regarding Plaintiff's claims dealing with his leave without pay, Plaintiff writes that Defendant concedes that Plaintiff raised the issue before the EEOC. This is incorrect. Plaintiff raised an allegation regarding leave *with* pay to the EEOC, but never raised the issue of leave *without* pay to the EEOC (or the FSGB for that matter). Plaintiff thus has not exhausted his administrative remedies with regard to his leave without pay. These claims, found in Counts IX and X of Plaintiff's Complaint, should therefore be dismissed.

## **CONCLUSION**

In summary, the court should dismiss several of Plaintiff's claims for two different reasons. First, Counts III and IV of Plaintiff's Complaint should be dismissed based on their untimeliness. Second, Counts VII through X of Plaintiff's Complaint should be dismissed based on Plaintiff's failure to exhaust his administrative remedies.

Dated May 19, 2008.

                        Respectfully submitted,

                        /s/
                        JEFFREY A. TAYLOR D.C. BAR # 498610
                        United States Attorney

                        /s/
                        RUDOLPH CONTRERAS, D.C. BAR #434122
                        Assistant United States Attorney

                        /s/
                        CHRISTIAN A. NATIELLO, D.C. BAR # 473960
                        Assistant United States Attorney
                        Civil Division
                        555 4th Street, N.W.
                        Room E4112
                        Washington, D.C.  20530
                        (202) 307-0338