UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KARL HAMPTON,<br><br>    Plaintiff,<br><br>v.<br><br>EDWARD SCHAFER, Secretary,[1]<br>United States Department of Agriculture,<br><br>    Defendant. | Civil Action No. 07-2221 (ESH) |

### MEMORANDUM OPINION AND ORDER

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, alleging that his former employer, the United States Department of Agriculture ("USDA"), discriminated and retaliated against him both during his employment and in terminating him. Defendant has moved to dismiss certain counts (Counts III and IV) for untimeliness and others (Counts VII - X) for failure to exhaust administrative remedies. For the reasons set forth below, the Court denies defendant's motion.

### DISCUSSION

**I. Counts III and IV: Timeliness**

Defendant moves to dismiss plaintiff's termination claims because they are untimely. Specifically, defendant contends that the issue of plaintiff's termination was litigated before the Foreign Service Grievance Board ("FSGB"), and plaintiff filed his complaint after the statutory deadline for appealing the FSGB decision. (*See* Mot. to Dismiss at 4-5.) The problem with

---

[1] Edward Schafer, current Secretary of the United States Department of Agriculture, is substituted for his predecessor, former Acting Secretary Charles F. Conner. Fed. R. Civ. P. 25(d).

defendant's argument is that the FSGB considered only the issue of whether the USDA had established cause for plaintiff's separation. (*See* Def.'s Ex. A ["FSGB Decision"] at 6.) It did not consider plaintiff's claims that the USDA's stated reasons for terminating him were pretextual and that his termination was a result of racial discrimination and retaliation for his having engaged in activity protected by Title VII.[2] Defendant attempts to distinguish between plaintiff's termination claims, which it contends were considered by the FSGB, and plaintiff's discrimination and retaliation claims, which it contends were considered by the Equal Employment Opportunity Commission ("EEOC"). However, no such distinction can be made since plaintiff's discrimination and retaliation claims and his termination claim are merely two sides to a single coin. Defendant alleges that it had legitimate reasons for terminating plaintiff, while plaintiff alleges that the stated reasons were pretexts for racial discrimination and retaliation.[3]

---

[2]   While plaintiff alleged before the FSGB that he was being terminated as the result of discrimination based on race, gender, and national origin (FSGB Decision at 5), the FSGB did not address this claim. Moreover, although the FSGB did consider plaintiff's claim that he was being terminated in retaliation for having engaged in whistleblowing (FSGB Decision at 16-18), plaintiff alleged before the USDA and in his complaint before this Court that defendant retaliated against him because of "his prior equal employment participatory activity." (Compl. ¶ 46; *see also id.* ¶¶ 7-8.)

[3]   Defendant also argues that if, as plaintiff states, he is not seeking judicial review of the FSGB's decision (Opp'n at 1), then the termination claims should be dismissed because plaintiff failed to exhaust these claims at the administrative level. (Reply at 1-2.) This argument lacks merit. Plaintiff alleged the discriminatory and retaliatory termination claims before the USDA sufficient to put the agency on notice of these claims. (*See* Pl.'s Opp'n at Exs. 1-3, 5, 16-17.) *See Morton v. Mosbacher*, No. 91-125, 1991 U.S. Dist. LEXIS 14544, at *9 (D.D.C. Oct. 15, 1991) (judicial review granted where agency "had sufficient notice of the gravamen of [plaintiff's] claims"). Moreover, plaintiff alleged before the EEOC that his supervisors did not follow proper rules when terminating him for various allegedly unfounded offenses and proceeded with an internal investigation to force him out of the USDA due to discriminatory and retaliatory animus. (*See* Pl.'s Opp'n Ex. 10 at 52.) While the EEOC refused to consider these allegations as evidence of discriminatory or retaliatory termination due to the jurisdictional division of labor between itself and the FSGB, these allegations mirror those on which plaintiff

**II.     Counts VII - X:  Exhaustion**

Defendant moves to dismiss plaintiff's claims of hostile work environment and discriminatory leave without pay for failure to exhaust his administrative remedies since, defendant contends, none of these claims was litigated before either the FSGB or the EEOC. (Mot. to Dismiss at 5-6.)  Plaintiff, however, made allegations before both the USDA and the EEOC sufficient to give notice to the USDA of his claims; therefore, he has satisfied the exhaustion requirement.

Plaintiff submits documents that indicate that he alleged before the USDA that he had been subjected to a hostile work environment.  For example, he submits an "EEO Complaint Input at Intake" form dated July 19, 2004, in which he complains that the Foreign Agriculture Service and a number of its employees "intentionally and personally targeted me for *continual prolonged racial discrimination and harassment* based on color, gender, age, marital status, skill-set and foreign assignment for career advancement opportunities.  This bias [sic] treatment, racial discrimination and *continual harassment* prejudice [sic] me financially and emotionally." (Pl.'s Opp'n Ex. 12 at 3 (emphasis added).)  In addition, plaintiff checked off "harassment" as one of the issues about which he was complaining.  (*Id.* Ex. 12 at 1.)  Plaintiff filed a formal administrative complaint with the agency regarding these and other discrimination claims on

---

relies to support his termination claims before this Court.  *See Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995) (Title VII suits limited in scope to claims like or reasonably related to allegations of the EEOC charge an growing out of such allegations).

The Court notes, however, that while plaintiff contends that he is not seeking judicial review of the FSGB's decision, he nevertheless alternatively argues that an appeal of that decision would not be untimely because the decision is not final.  (Opp'n at 5-6.)  Plaintiff's contention is wrong.  The FSGB has the authority to determine whether cause for separation has been established, and that decision is final.  *Salleh v. Christopher*, 85 F.3d 689, 695 (D.C. Cir. 1996) (holding that a decision by the FSGB rendered after a hearing to determine whether separation for cause has been established is final); *see also* 22 U.S.C. §§ 4010, 4137(c).

October 30, 2004.[4]  (*See id.* Exs. 13-14.)  As the D.C. Circuit has recognized, "EEO complaints are to be liberally construed since very commonly they are framed by persons unschooled in technical pleading. . . . [T]he relevant inquiry is not whether the complainant has filed a detailed statement spelling out precisely his objections but whether the actions he did take were adequate to put the [agency] on notice."  *Brown v. Marsh*, 777 F.2d 8, 13 (D.C. Cir. 1985). (internal citations and quotation marks omitted).  Based on these criteria, plaintiff's claims before the agency were sufficient.[5]

Moreover, plaintiff raised before the USDA and the EEOC allegations of racial discrimination and reprisal based on the same events that he now claims support his hostile work

---

[4]  Plaintiff includes as an exhibit to his Opposition a one-page Complaint of Employment Discrimination dated October 29, 2004.  (Pl.'s Opp'n Ex. 13.)  While this form requests that complainants list the issue(s) on which they were counseled, plaintiff's list is not included as part of the exhibit.  Nevertheless, because the agency specifically referenced plaintiff's lodging of the complaint with the EEO counselor on July 19, 2004, in its letter acknowledging and accepting plaintiff's formal EEO complaint (*see* Pl.'s Opp'n Ex. 14), it appears that plaintiff did in fact present these claims to the agency.  *See also* Compl. ¶ 34 (alleging that plaintiff's administrative complaint included a claim regarding harassing conduct by his supervisor).

Moreover, plaintiff also submits an "EEO Complaint Input at Intake" form dated February 8, 2005, in which he specifically complained about the January 27, 2005 proposal to terminate him.  On that form, plaintiff again listed "harassment" as one of the issues on which the complaint was based and specifically stated that his supervisor "continually harasses me without due cause.  His actions create a hostile work environment."  (Pl.'s Opp'n Ex. 17 at 3.)  While the January 27, 2005 proposal to terminate was investigated by defendant (*see* Pl.'s Opp'n Ex. 16 at 1), the agency apparently never addressed plaintiff's hostile work environment claim.

[5]  Once plaintiff filed his formal administrative complaint, defendant apparently ignored plaintiff's allegations of "prolonged racial discrimination and harassment" and "continual harassment" and focused solely on plaintiff's allegations involving a number of discrete acts, which were dismissed from the complaint based on plaintiff's failure to contact the EEO counselor within the mandated regulatory time frame.  (*See* Pl.'s Opp'n Ex. 14 at 2.)  Defendant also notified plaintiff that pursuant to 29 C.F.R § 1614.107(b), he could not appeal the dismissal to the EEOC until it had taken final action on the remainder of plaintiff's complaint.  (*Id.* Ex. 14 at 3.)  Nevertheless, in a letter to plaintiff dated June 22, 2006, defendant acknowledged the scope of plaintiff's discrimination claims before the agency, making reference to "the subject harassment complaint," which plaintiff had pending before the agency.  (*Id.* Ex. 5.)

environment claims.  For example, plaintiff complained to the EEOC that his supervisor had referred to him as a "nigger from Mississippi" and to both the USDA and the EEOC that the agency had engaged in a continuing investigation of him.  (*See* Compl. ¶ 17, Pl.'s Opp'n Ex. 10 at 49-50, 52.)  Plaintiff raises these same allegations before this Court to support his hostile work environment claims.  (*See* Compl. ¶¶ 10, 32.)  "A Title VII lawsuit following the EEOC charge is limited in scope to claims that are like or reasonably related to the allegations of the charge and growing out of such allegations."  *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995) (internal citation and quotation marks omitted).  Accordingly, because the alleged discriminatory conduct plaintiff uses as the foundation for his hostile work environment claims is the same conduct about which he complained before the USDA and the EEOC, plaintiff has adequately exhausted his administrative remedies.  *Bouknight v. District of Columbia*, 538 F. Supp. 2d 44, 49 n.2 (D.D.C. 2008).

Likewise, the record reflects that plaintiff raised allegations regarding his placement on leave without pay.  By letter dated September 25, 2006, plaintiff requested that the USDA amend his EEO complaint to include the claim that he had been placed on leave without pay.  (*See* Pl.'s Opp'n Ex. 3.)  Because his complaint was then pending with the EEOC, the USDA forwarded the amendment request to the EEOC for consideration.  (*Id.*)  While, as defendant contends, the leave claims were not litigated before the EEOC, defendant agency was indisputably put on notice of plaintiff's allegations.  Moreover, these claims are reasonably related to and grow out of plaintiff's claim of discriminatory termination and retaliation.  *Park*, 71 F.3d at 907.

**CONCLUSION**

For the foregoing reasons, the Court denies defendant's motion to dismiss [# 5].  This matter is set for an Initial Scheduling Conference on July 25, 2008, at 10:00 a.m.

_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge

Date:  June 25, 2008