UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KARL HAMPTON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-2221 (ESH) |
| ) | |
| ED SCHAFER, Secretary,[1] ) | |
| United States Department of Agriculture, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S ANSWER TO COMPLAINT**

Ed Schafer, Secretary of the United States Department of Agriculture (hereinafter, "Defendant" or "Agency"), by and through undersigned counsel, hereby answers the allegations in Plaintiff's Complaint as follows:

FIRST DEFENSE

Plaintiff fails to state a claim for which relief can be granted.

SECOND DEFENSE

Defendant answers the numbered and unnumbered paragraphs of the Complaint as follows:

JURISDICTION

1. Paragraph one consists of conclusions of law concerning jurisdiction to which no response is required.

---

[1] The substitution of Ed Schafer, the new Secretary of the Department of Agriculture, is permissible without a court order. *See* Fed. R. Civ. P. 25(d)(1).

## VENUE

2. The first sentence of paragraph two consists of conclusions of law concerning venue to which no response is required. Defendant admits that Plaintiff was employed in the District of Columbia. Defendant denies the remainder of the second sentence of paragraph two.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. The first sentence of paragraph three is a conclusion of law to which no response is required; to the extent a response is deemed required, Defendant denies the allegations in the first sentence of paragraph three. Defendant admits the allegations in the remainder of paragraph three.

## PARTIES

4. Admit.

5. Defendant admits that the Secretary of Agriculture is sued in his official capacity only, and avers that Ed Schafer is now the Secretary of Agriculture.

## FACTUAL BASIS OF THE COMPLAINT

6. Admit.

7. Defendant admits that Plaintiff was a class member in the case of *Brooks v. Yeutter*, EEOC No. ███████, which concluded in 1991 via a settlement agreement. Defendant denies the allegations in the remainder of paragraph seven.

8. Defendant admits that Plaintiff filed an EEO complaint in June 1996. Defendant denies the allegations in the remainder of paragraph eight.

9. Deny.

10. Deny.

11. Admit.

12. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph twelve.

13. Defendant admits the allegations in the first sentence of paragraph thirteen. Defendant denies the allegations in the remainder of paragraph thirteen.

14. Deny.

15. Defendant admits that Plaintiff's top-secret security clearance was suspended on June 30, 2004. Defendant denies the allegations in the remainder of paragraph fifteen.

16. Defendant admits that Plaintiff was not selected for a promotion in October 2004. Defendant denies the allegations in the remainder of paragraph sixteen.

17. Defendant admits that Plaintiff submitted a complaint of discrimination on October 29, 2004. Defendant denies the allegations in the remainder of paragraph seventeen.

18. Defendant admits that Plaintiff did not receive a foreign assignment in November of 2004. Defendant denies the allegations in the remainder of the first sentence of paragraph eighteen. The second and third sentences of paragraph eighteen consist of conclusions of law to which no response is required. Defendant denies the allegations in the fourth sentence of paragraph eighteen.

19. Deny.

20. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph twenty.

21. Deny.

22. Deny.

23. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph twenty-three.

24. Defendant admits that Mr. Miller proposed Plaintiff's termination on January 27, 2005. Defendant denies the allegations in the remainder of paragraph twenty-four.

25. Defendant admits Mr. Miller placed Plaintiff on leave with pay on January 27, 2005. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in the remainder of paragraph twenty-five.

26. Defendant admits that Mr. Miller barred Plaintiff from the worksite on February 8, 2005. Defendant denies the allegations in the remainder of paragraph twenty-six.

27. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph twenty-seven.

28. Admit.

29. Admit.

30. Defendant admits that on May 3, 2005, Mr. Henwood requested that the Agency's Compliance Review Staff further investigate the charges against Plaintiff. Defendant denies the allegations in the remainder of paragraph thirty.

31. Defendant admits that Plaintiff submitted a check to FAS, dated May 18, 2005, in the amount of $590.92. Defendant denies the allegations in the remainder of paragraph thirty-one.

32. Defendant admits the allegations in the first sentence of paragraph thirty-two. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of paragraph thirty-two. Defendant denies the allegations in the third sentence of paragraph thirty-two.

33. Defendant denies the allegations in the first and third sentences of paragraph thirty-three. Defendant admits the allegations in the second sentence of paragraph thirty-three.

34. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph thirty-four.

35. Defendant admits that Plaintiff was not selected for a promotion or an overseas assignment in October or November 2005.  Defendant denies the allegations in the remainder of paragraph thirty-five.

36. Defendant admits that FAS was formally reorganized in November of 2006, while Plaintiff was on administrative leave.  Defendant admits that Mr. Miller was not Plaintiff's first-line supervisor from 1999 to 2000.  Defendant denies the remainder of the allegations in paragraph thirty-six.

37. Defendant admits that on April 25, 2006, Mr. Henwood, while on detail to a Senate office, issued a decision recommending Plaintiff's termination.  Defendant denies the allegations in the remainder of paragraph thirty-seven.

38. Deny.

39. Admit.

40. Admit.

41. Admit.

42. Defendant admits that Plaintiff was terminated pursuant to an SF-52 Notice of Personnel Action on May 1, 2007.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in the remainder of paragraph forty-two.

43. Deny.

44. Admit.

45. Admit.

46. Deny.

47. Deny.

48. Deny.

## COUNT ONE

49. Defendant incorporates by reference its answers to paragraphs one through forty-eight.

50. Deny.

## COUNT TWO

51. Defendant incorporates by reference its answers to paragraphs one through fifty.

52. Deny.

## COUNT THREE

53. Defendant incorporates by reference its answers to paragraphs one through fifty-two.

54. Deny.

## COUNT FOUR

55. Defendant incorporates by reference its answers to paragraphs one through fifty-four.

56. Deny.

## COUNT FIVE

57. Defendant incorporates by reference its answers to paragraphs one through fifty-six.

58. Deny.

## COUNT SIX

59. Defendant incorporates by reference its answers to paragraphs one through fifty-eight.

60. Deny.

## COUNT SEVEN

61. Defendant incorporates by reference its answers to paragraphs one through sixty.

62. Deny.

## COUNT EIGHT

63. Defendant incorporates by reference its answers to paragraphs one through sixty-two.

64. Deny.

## COUNT NINE

65. Defendant incorporates by reference its answers to paragraphs one through sixty-four.

66. Deny.

## COUNT TEN

67. Defendant incorporates by reference its answers to paragraphs one through sixty-six.

68. Deny.

## RELIEF REQUESTED

No response is required regarding Plaintiff's request for relief.  To the extent that a response is required, Defendant denies that Plaintiff is entitled to any relief.  Defendant avers that any compensatory damages award would be subject to and limited by 43 U.S.C. §1981a, and that relief would be subject to and limited by 42 U.S.C. §2000e-5(g)(2)(B).

## JURY DEMAND

No response is required regarding Plaintiff's demand for a jury.

Defendant hereby specifically denies each and every allegation contained in Plaintiff's Complaint not hereinbefore otherwise answered.

Having fully answered, Defendant respectfully requests that this action be dismissed with prejudice, and that Defendant be awarded costs and such other relief as this Court deems appropriate.

Dated: July 8, 2008.	Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
CHRISTIAN NATIELLO, D.C. BAR #473960
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Room E4112
Washington, D.C.  20530
(202) 307-0338

OF COUNSEL:

ROBERT HARDIN
DIONNE SETHNA
United States Department of Agriculture
Office of the General Counsel
Civil Rights Division