UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KARL HAMPTON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-2221 (ESH) |
| ) | |
| ED SCHAFER, Secretary,[1] ) | |
| United States Department of Agriculture, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S STATEMENT OF THE CASE

Plaintiff is a 46 year old (DOB 5/27/62), African-American male from the southern United States. Beginning in June 1998, Plaintiff was employed in Washington, D.C. as a Foreign Service Officer in the U.S. Department of Agriculture (USDA) Foreign Agricultural Service (FAS) as an Outreach and Exporter Assistant (FO-3/12), during the alleged discrimination period. During the alleged discrimination period, Dale Miller (Caucasian, American, male, DOB 2/11/53), was Plaintiff's first-line supervisor; Roy Henwood (Caucasian, American, male, DOB 3/14/46), was Plaintiff's second-line supervisor.

On April 26, 2002, one of Plaintiff's co-workers notified Dale Miller of pornographic pictures that were printed from, and left lying on, the office printer. Upon consulting IT personnel, Miller learned that two-hundred eighteen (218) pages of pornographic pictures were printed on the office printer from Plaintiff's computer on April 2, 2002; thirty-five (35) pages of pornographic pictures were printed on the office printer from Plaintiff's computer on April 25, 2002; and seven (7) pages of pornographic pictures were printed on the office printer from Plaintiff's computer on April 26, 2002.

---

[1] The substitution of Ed Schafer, the new Secretary of the Department of Agriculture, is permissible without a court order. *See* Fed. R. Civ. P. 25(d)(1).

On July 12, 2002, Miller proposed that Plaintiff be disciplined for inappropriate use of a government computer via a fourteen (14) day suspension.  On December 18, 2002, Ellen Terpstra (Caucasian, American, female, DOB 2/10/51), decided to discipline Plaintiff by suspending him for seven (7) days.  Plaintiff was suspended for seven (7) days in January of 2003.

On June 30, 2003, Lolla Davies (female) of the FSA Human Resources Division requested that the Compliance Review Staff (CRS) conduct an investigation into a potential conflict of interest regarding Plaintiff.  Davies asserted that Plaintiff allegedly attempted to enter into a cost-sharing agreement between the North Carolina Agriculture Finance Authority and USDA, to establish a sweet potato processing facility.[2]

On January 20, 2004, the USDA Office of Inspector General (OIG) declined to initiate a criminal investigation regarding Plaintiff's potential conflict of interest and the sweet potato processing facility.  On or around February 2004, Christina Lipscomb (female), FAS Program Assistant, was processing Plaintiff's vouchers when she noticed an altered date on a receipt.  Upon further investigation, Lispcomb discovered that the receipt was fraudulent.  CRS began investigating Plaintiff's travel vouchers.

CRS completed a Report of Investigation (CRS-ROI) on April 7, 2004 and a Supplemental CRS-ROI on May 17, 2004 concerning Plaintiff's alleged misconduct.  The investigation revealed substantial evidence supporting the allegations of: 1) submitting false documents for travel claims; 2) misuse of a government travel card; 3) failure to reconcile a travel voucher; 4) misuse of a government position; 5) failure to disclose financial interests; and 6) providing false information during an official investigation.

---

[2]    Plaintiff filed incorporation papers for Syrisia's Foods, a food manufacturing and processing corporation of which Plaintiff is President and Chief Executive Officer, in June 1998 in Mississippi.  Plaintiff did not disclose his interest in Syrisia's Foods in his OGE Form 450 (Financial Disclosure Report) in October 1998, October 1999, October 2001, or October 2002.

2

On June 30, 2004, Martin Brumback, Chief of Personnel Document and Security Division, suspended Plaintiff's Top Secret security clearance. On July 19, 2004, Plaintiff contacted an EEO counselor regarding his claims of discrimination and retaliation. Miller issued a memorandum proposing Plaintiff's termination on January 27, 2005. Plaintiff was placed on administrative leave, pending a final Agency decision.

On August 25, 2005, Miller submitted Plaintiff's performance appraisal, supervisory assessment, performance rating, and Reviewing Officer (Roy Henwood) comments to the September 2005 Promotions Board. Miller rated Plaintiff as satisfactory for each of the five (5) elements of the appraisal. Plaintiff, who remained on administrative leave, did not sign his performance appraisal or submit his personal statement to the September 2005 Promotions Board. The September 2005 Promotions Board considered Plaintiff as a candidate; Plaintiff ranked last of the thirty-four (34) candidates and was not promoted. In addition to being denied a promotion in September of 2005, Plaintiff asserts that while on administrative leave he was discriminatorily denied: 1) the opportunity to apply for temporary tour of duty assignments, full-term assignments, the Washington Placement Plan; and 2) overseas assignments to Pakistan, Hong Kong, Chile, Ivory Coast, the Dominican Republic, and other locations.

In April of 2006, an Agency official issued a final decision sustaining the following four charges: 1) submitting false documents for travel claims; 2) failure to reconcile a travel voucher; 3) failure to disclose financial interests; and 4) providing false information during an official investigation. In May of 2006, the Agency notified the FSGB of its decision to terminate Plaintiff for misconduct and requested a hearing.

The FSGB conducted an oral hearing on January 18-19, 2007. Plaintiff did not testify or present any witnesses during the hearing. The FSGB issued a Summary Decision on April 30,

2007 in favor of the Agency. On June 6, 2007, Plaintiff was terminated, pursuant to the FSGB's final Decision in favor of the Agency.

Defendant defends its actions as being non-discriminatory and for legitimate reasons. Plaintiff's discrimination claims therefore are without merit and should be resolved by dispositive motion.

Dated: July 21, 2008.                    Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/
CHRISTIAN NATIELLO, D.C. BAR #473960
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Room E4112
Washington, D.C. 20530
(202) 307-0338


OF COUNSEL:

ROBERT HARDIN
DIONNE SETHNA
United States Department of Agriculture
Office of the General Counsel
Civil Rights Division

4